IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| WILLARD CLAYTOR,<br>TAMMY WOODS,<br>LISA SLEEPER<br>JOSHUA DAVIS,<br>MICHAEL DICARLO,<br>WILLIAM ALBERT, and<br>DOUGLAS LINDAMOOD,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF<br>AMERICA, INC.,<br><br>Defendant. | Case No. 7:16cv00197<br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes the matter captioned *Claytor, et al. v. Volkswagen Group of America, Inc.*, Case No. CL16-775, from the Circuit Court of Roanoke County, Virginia to the United States District Court for the Western District of Virginia, Roanoke Division. As grounds for removal, Defendant states as follows:

### SUMMARY OF PARTIES

1. Plaintiffs Willard Claytor, Tammy Woods, Lisa Sleeper, Joshua Davis, Michael DiCarlo, William Albert, and Douglas Lindamood ("Plaintiffs"), filed Case No. CL16-775 styled

*Claytor, et al. v. Volkswagen Group of America, Inc.*, in the Circuit Court of Roanoke County, Virginia ("the Complaint") on April 20, 2016.

## NATURE OF THE CASE

2. This case is one of thousands currently pending throughout the country based on the alleged installation of emissions testing "defeat devices" in certain diesel vehicles distributed by Defendants. On December 8, 2015, the Federal Judicial Panel on Multidistrict Litigation ("JPML") consolidated the federal Volkswagen emissions cases in the United States District Court for the Northern District of California for pretrial proceedings.

3. According to the Complaint, Plaintiffs purchased Volkswagen diesel engine vehicles distributed by VWGoA that allegedly contain "defeat devices" designed to defeat testing for compliance with federal Clean Air Act ("CAA") emissions standards. (*See id.* at ¶¶ 14-21.) Plaintiffs allege they "relied on the marketing of the defendants' statements" in purchasing their vehicles and suffered alleged damages as a result. (*Id.* at ¶ 19.)

4. A fundamental claim in Plaintiffs' Complaint is the allegation that Plaintiffs' vehicles "are illegal to drive" based upon the presence of the alleged "defeat devices" in their vehicles and the September 18, 2015 Notice of Violation issued to Defendants by the United States Environmental Protection Agency ("EPA"). (*Id.* at ¶¶ 14-21; 29.) In particular, Plaintiffs allege that Virginia Code Ann. § 46.2-1048 prohibits operation of a motor vehicle on Virginia highways "unless it is equipped with an air pollution control system, device, or combination of such systems or devices installed in **accordance with federal laws and regulations**." (*Id.* at ¶ 30 (emphasis added).) Plaintiffs further allege that this statute prohibits operation of a vehicle "with its pollution control system or device removed or otherwise rendered inoperable." (*Id.* at ¶ 32.)

5. The Complaint asserts the following causes of action against Defendants: (1) rescission and injunctive relief; (2) violation of the Motor Vehicle Warranty Enforcement Act; (3) violation of the Virginia Consumer Protection Act; (4) actual fraud; (5) public nuisance; and (6) unjust enrichment. (*See id.* at ¶¶ 44-70.)

6. Plaintiffs seek a temporary and permanent injunction compelling Defendants to "accept return of the vehicles," and further request: (1) a refund of the full contract price of the vehicles; (2) a refund of vehicle collateral charges; (3) a refund of vehicle finance charges; (4) incidental and consequential monetary damages; and (5) attorneys' fees. (*Id.* at ¶ 72.)

7. Plaintiffs have filed a nearly identical suit in the Circuit Court of Roanoke County, Virginia, asserting the same equitable claims against Defendants. The companion case filed by Plaintiffs is styled *Claytor, et al. v. Volkswagen Group of America*, Case No. CL16000776 ("*Claytor II*"). (*See Claytor II* Compl. at ¶ 9 (attached hereto as Exhibit 1).) In addition to the identical named Plaintiffs, the Second Complaint seeks relief "on behalf of all those persons in Virginia in a similar situation who are the owner or lessee of a diesel engine with a defeat device sold or leased by one of the defendants." (*Id.*) VWGoA has also removed *Claytor II* to this Court.

8 This removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant was served on April 21, 2016, and thirty days has not passed since the service date.

9. Pursuant to the requirements of 28 U.S.C. § 1446(a), the entirety of the state civil action file is attached hereto as Exhibit 2.

**I.  Removal is Proper Under Federal Question Jurisdiction.**

10. 28 U.S.C. § 1331 provides this Court with federal question jurisdiction.

**A.  Federal Question Jurisdiction.**

3

11. Though 28 U.S.C. § 1331 federal question jurisdiction typically applies to complaints alleging federal causes of action on their faces, "[t]here is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction . . . that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

12. Cases of this nature involve state law claims, but invoke federal question jurisdiction when "it appears from the [complaint] that the right to relief depends upon the construction or application of [federal law]." *Id.* at 313 (quoting *Smith v. Kansas City Tile & Trust Co.*, 225 U.S. 180, 199 (1921)) (quotation marks removed) (brackets in original).

13. In determining whether a state law claim invokes federal question jurisdiction, the federal courts employ a three-part test: 1) does a state-law claim necessarily raise a stated federal issue; 2) is the stated federal issue actually disputed and substantial; and 3) may a federal forum entertain the question without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See id.* at 314; *see also Harper v. Massey Coal Servs.*, No. 2:10-0894, 2011 U.S. Dist. LEXIS 10891, at *8 (S.D. W. Va. Feb. 2, 2011).

14. In Plaintiffs' Complaint, Plaintiffs allege that driving the vehicles in question violates Virginia law. (*See, e.g.*, Compl. at ¶ 30-36 (citing Va. Code Ann. § 46.2-1048).) However, the relevant Virginia statutes on which Plaintiffs rely for this allegation require vehicles to conform to federal standards, not independent Virginia standards. (*See, e.g., id.*) Specifically, Virginia Code Ann. § 46.2-1048 states:

> No motor vehicle registered in the Commonwealth and manufactured for the model year 1973 or for subsequent model years shall be operated on the highways in the Commonwealth unless it is equipped with an air pollution control system, device,

> or combination of such systems or devices **installed in accordance with federal laws and regulations.**
>
> It shall be unlawful for any person to operate a motor vehicle, as herein described, on the highways in the Commonwealth with its pollution control system or device removed or otherwise rendered inoperable.

(emphasis added).

15. In this way, Virginia Code Ann. § 46.2-1048 expressly relies on federal emissions laws and regulations to determine whether operation of a vehicle violates Virginia law. Determination of the legal claims raised in Plaintiffs' Complaint necessarily depends on the application and adjudication of federal emissions laws.

16. Plaintiffs' Complaint specifically alleges defendant's violation of federal law. (*See* Compl. at ¶ 37 (citing 42 U.S.C. § 76522(a)(3)(A) and (B).) In addition, it explicitly alleges the U.S. Environmental Protection Agency's primacy in making vehicle emissions related findings and regulations. *Id.* at 62-63 (citing federal law and vehicle emissions related EPA findings published in the Federal Register). As a result, Plaintiffs raise a federal question that affords this Court jurisdiction.

### B. Plaintiffs' Complaint Necessarily Raises A Federal Issue.

17. In *Grabel*, the plaintiff brought a state law quiet title action. *See* 545 U.S. at 311. However, part of the plaintiff's claim necessarily involved determining whether the IRS acted in accordance with a federal statute in notifying the plaintiff that it seized his property. *See id.* The Supreme Court held that the federal component of the plaintiff's state law claim provided federal question jurisdiction because "[w]hether [the plaintiff] was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the

5

federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case." *Id.* at 315.

18. Similarly, in *Harper*, the plaintiffs brought state law wage claims against the defendant. *See* 2011 U.S. Dist. LEXIS 10891, at *2. However, the state wage law incorporated federal law and the application of the state's wage laws depended on an analysis of federal law. *Id.* at *3-4. In holding that the state law claim necessarily involved a federal issue, the court held that was "a basic element of a state law claim that appears on the face of the plaintiff's complaint." *Id.* at *13.

19. Here, the Virginia emissions laws that Plaintiffs cite in their Complaint expressly incorporate federal laws and regulations. As a result, in determining whether operation of the vehicles in question violates Virginia law, as Plaintiffs allege, this Court must determine whether Plaintiffs' operation of their vehicles complies with federal law. As *Grable* and *Harper* demonstrate, when resolution of a state law claim inherently involves a determination of federal law, the requisite federal question exists to support § 1331 jurisdiction.

C. **The Federal Emissions Issues Are Substantial And Actually Disputed.**

20. In the instant case, the question of federal law is substantial and disputed. Plaintiffs admit that the Environmental Protection Agency has determined that the affected vehicles "remain legal to drive and resell." (Compl. at ¶ 26; *see also* EPA "Frequent Questions about Volkswagen Violations" ("Can I continue to drive my vehicle? Yes. [Volkswagen vehicles affected by the September 18, 2016 Notice of Violation] are safe and legal to drive. Owners do not need to take any action at this time.") (excerpts attached hereto as Exhibit 3) (available at https://www.epa.gov/vw/frequent-questions-about-volkswagen-violations) (last accessed on April 25, 2016).) Despite the EPA's unambiguous statement, and despite the fact

6

that Virginia emissions laws incorporate the federal standards, Plaintiffs nonetheless contend that the vehicles are illegal to drive and that the operator of any such vehicle risks criminal prosecution. (*See* Compl. at ¶ 29.) Plaintiffs directly dispute the EPA's determination of federal emissions laws on this point.

21. Here, the federal questions are substantial given the need for uniformity across the country. The alleged emissions issues involve tens of thousands of vehicles and drivers across the country. Uniform enforcement of emissions laws is critical to consumers spanning the entire country. A state-by-state emissions determination would cause mass confusion across the affected consumers and hinder coordinated resolution of the emissions issues.

### D. Application Of Federal Jurisdiction Would Not Disturb The Balance Between Federal And State Judicial Responsibilities.

22. In *Harper*, the court held that the exercise of federal jurisdiction would not move "a whole class of litigation from state to federal court," in part, because the state wage law mirrored the federal employment law, meaning that plaintiffs often brought federal and state causes of action together. 2011 U.S. Dist. LEXIS, at *19.

23. Similarly, because Virginia emissions laws expressly incorporate the federal emissions laws, there is no risk that a new class of unrelated cases will suddenly find their way to federal court. Indeed, the federal Clean Air Act has long allowed for private enforcement in federal court. *Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410 (U.S. 2011) (noting the private right of action bestowed in 42 U.S.C.S. § 7604(a). In fact, thousands of similarly situated plaintiffs already have claims pending in the federal MDL, a not-insignificant number of which allege Clean Air Act violations. The federal court cases include class action claims and seek to certify, among other classes, a class of Virginia purchasers of the affected vehicles, much like this case.

24. This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1331 if the action had originally been brought in federal court. Therefore, pursuant to 28 U.S.C. § 1441, Defendant VWGoA may remove the instant civil action to the United States District Court for the Western District of Virginia.

25. Written notice of the filing of this Notice of Removal will be filed with the Clerk of the Circuit Court for Roanoke County, Virginia and served on all parties pursuant to the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, VWGoA requests that the above-captioned action, now pending in the Circuit Court of Roanoke County, Virginia be removed to the United States District Court for the Western District of Virginia, and that said U.S. District Court assume jurisdiction over this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

RESPECTFULLY SUBMITTED,

VOLKSWAGEN GROUP OF AMERICA, INC.

COUNSEL:

/s/ James F. Neale
James F. Neale, Esquire
VSB No. 43060
Benjamin P. Abel, Esquire
VSB No. 88961
MCGUIREWOODS LLP
Court Square Building
Post Office Box 1288
Charlottesville, Virginia 22902-1288
Telephone:   (434) 977-2582
Facsimile:    (434) 980-2263
jneale@mcguirewoods.com
babel@mcguirewoods.com

Terrence M. Bagley, Esquire
VSB No. 22081
Christopher E. Trible, Esquire
VSB No. 48847
Kenneth W. Abrams, Esquire
VSB No. 78216
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 698-2008
tbagley@mcguirewoods.com
ctrible@mcguirewoods.com
kabrams@mcguirewoods.com

## CERTIFICATE OF SERVICE

I electronically filed the foregoing Notice of Removal with the clerk of the court for the U.S. District Court, Western District of Virginia, on this the 26th day of April, 2016 using the CM/ECF system, which will send notification of such filing (NEF) to all CM/ECF registered attorneys indicated on the NEF and sent copies of the foregoing by First Class Mail, postage prepaid to the following:

>James B. Feinman, Esquire
>Astrika E. Wilhelm, Esquire
>P.O. Box 697
>Lynchburg, Virginia 24505

COUNSEL:

/s/ James F. Neale
James F. Neale, Esquire
VSB No. 43060
Benjamin P. Abel, Esquire
VSB No. 88961
MCGUIREWOODS LLP
Court Square Building
Post Office Box 1288
Charlottesville, Virginia 22902-1288
Telephone:	(434) 977-2582
Facsimile:	(434) 980-2263
jneale@mcguirewoods.com
babel@mcguirewoods.com

Terrence M. Bagley, Esquire
VSB No. 22081
Christopher E. Trible, Esquire
VSB No. 48847
Kenneth W. Abrams, Esquire
VSB No. 78216
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone:	(804) 775-1000
Facsimile:	(804) 698-2008
tbagley@mcguirewoods.com
ctrible@mcguirewoods.com
kabrams@mcguirewoods.com

11